UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ADVANCE FINANCIAL RESOURCES, INC., | CV 08-1084-KI |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COTTAGE HEALTH SYSTEM, INC., | |
| Defendant. | |

KING, Judge:

Before the court is a motion for attorney fees (doc. 20) filed by Defendant Cottage Health System, Inc. ("Cottage Health"). For the reasons below, I DENY the motion.

**<u>Background</u>**

PAGE 1 - OPINION AND ORDER

On September 17, 2008, Advance filed this action for breach of contract, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332. After conducting limited discovery, Cottage Health filed a motion to dismiss for lack of personal jurisdiction. In the alternative, Cottage Health sought an order transferring this action to the proper venue in the Central District of California. While Cottage Health's motion was pending, Advance filed a parallel action in the United States District Court for the Central District of California. On April 21, 2009, I issued an Opinion and Order granting Cottage Health's motion to dismiss for lack of personal jurisdiction. In so doing, I relied on the fact that Advance had filed a parallel and identical Complaint in the Central District of California. I also noted that "California appears to be the most efficient forum to resolve the dispute because the parties' rights and obligations under the contract are to be 'determined under, governed by and construed in accordance with the internal laws of the State of California.'" Opinion and Order, at 12. Cottage Health has since filed its Answer and Counterclaims in the California case, in which it seeks the attorney's fees incurred in the present case. On April 22, 2009, I issued an Order of Judgment dismissing Advance's case with prejudice.

On May 7, 2009, Cottage Health filed the present motion for attorney fees under Federal Rule of Civil Procedure 54(d), California Civil Code 1717(a), and the terms of the parties' agreement. The contract in this case contains a provision requiring Cottage Heath "to pay, any and all out-of-pocket expenses and charges incurred by [Advance] in connection with the . . . enforcement of this Agreement (including reasonable attorneys' fees and disbursements of [Advance's] counsel)." Dec. of Sheila Souther in Supp. of Mot. to Dismiss, Ex. A, at 7 (doc. 6). California law governs the construction and interpretation of the contract. Id. at 6. Where, as

PAGE 2 - OPINION AND ORDER

here, a contract contains a provision granting either party the right to recover attorney's fees in the event of litigation on the contract, California Civil Code 1717(a) gives the "party prevailing on the contract" a right to recover attorney's, regardless of whether that party is specified in the contract. Cottage Health contends that having obtained a dismissal of Advance's Complaint based on lack of jurisdiction, it is entitled to attorney's fees under California Civil Code 1717(a), as the "party prevailing on the contract." I disagree.

## Discussion

Federal courts apply state law in determining whether to award attorney's fees in an action on a contract. Ford v. Baroff, 105 F.3d 439, 442 (9th Cir. 1997). California Civil Code 1717 provides, in relevant part:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a) (emphasis added). The statute further provides that "the party prevailing on the contract shall be the party who recovered greater relief in the action on the contract." Id. § 1717(b)(1). "The court may also determine that there is no party prevailing on the contract for purposes of this section." Id. "[I]n deciding whether there is a party prevailing on the contract, the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, and similar sources. The prevailing party determination is to be made only upon final resolution of the contract claims and only by a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions." Hsu v. Abbara, 891 P.2d

PAGE 3 - OPINION AND ORDER

804, 813 (Cal. 1995) (emphasis added).  Substance rather than form should be respected, and to this extent the trial court should be guided by equitable considerations.  Id.  In other words, "status as the 'party prevailing on the contract' is ascertained not by technicalities of pleading and procedure but by a pragmatic assessment of the parties' ultimate positions vis-à-vis their litigation objectives as reflected in pleadings, prayers and arguments."  Estate of Drummond, 149 Cal. App. 4th 46, 51 (Cal. Ct. App. 2007).

Although Cottage Health is correct that it prevailed in this action, it has not prevailed on the contract and is therefore, not entitled to attorney's fees under the plain language of California Civil Code § 1717(a).  As noted, the "prevailing party" determination under Section 1717(a) "is to be made only upon final resolution of the contract claims."  Hsu, 891 P.2d at 813 (emphasis added).  Here, I dismissed Advance's Complaint for lack of personal jurisdiction, and made no determination whatsoever as to the merits of Advance's underlying contract claim.  In dismissing that claim, I expressly relied on the fact that Advance had filed a parallel and identical action in the Central District of California.  That contract claim is still pending.  It necessarily follows that there has been no "final resolution" of Advance's contract claim.  Because "no fee award can be made before such a 'final resolution,'" Cottage Health is not entitled to an award of attorney's fees under Section 1717(a) as the "party prevailing on the contract."  See Drummond, 149 Cal. App. 4th at 51 (holding that an award of attorney's fees under Section 1717(a) cannot be made before the final resolution of the contract claims); see also Idea Place Corp. v. Fried, 390 F. Supp. 2d 903, 905 (N.D. Cal. 2005) (defendants were "not the prevailing party on the contract" and therefore, not entitled to attorney's fees under Section 1717 because the court's dismissal for lack jurisdiction "precluded the Court from making any findings with respect to the merits of the

PAGE 4 - OPINION AND ORDER

underlying . . . breach of contract claim"); N.R. v. San Ramon Valley Unified School Dist., 2006 WL 1867682, at *2 (N.D. Cal. 2006) (holding that defendant was not the prevailing party on the contract where court dismissed plaintiffs' breach of contract claim for lack of jurisdiction).

In determining whether Cottage Health is the "prevailing party on the contract," Estate of Drummond, 149 Cal. App. 4th 46 (Cal. Ct. App. 2007), is instructive. In that case, an attorney representing the contestants of a will filed a claim against the contestants in probate court, arguing that they owed him additional fees under the legal services contract. The will contestants subsequently filed a separate civil action on the contract. In the meantime, however, the probate court ruled in favor of the attorney on the contract claims and awarded him fees. The California Court of Appeal reversed, and directed the probate court to dismiss the attorney's contract claims for violation of the compulsory cross-complaint rule. The will contestants then moved for attorney's fees under California Civil Code 1717(a), arguing that they were the prevailing parties on the contract action in the probate court. Id. at 49.

The trial court denied the will contestant's motion for attorney's fees, and Court of Appeal affirmed. The Court of Appeal held that an award of attorney's fees under Section 1717(a) must await the final resolution of the contract claims. Id. at 51. In so doing, the court rejected the will contestant's argument that the phrase "final resolution" simply meant "final for the purposes of a particular lawsuit." Id. The court noted that this argument was inconsistent with the plain meaning of the "phrase 'prevailing on the contract,' which implies a strategic victory at the end of the day, not a tactical victory in a preliminary engagement." Id. The will contestants had "obtained only an interim victory, based on [the attorney] having attempted to pursue his claims in the wrong forum."

PAGE 5 - OPINION AND ORDER

The will contestant's argument was also inconsistent with Hsu, which required the court to make the prevailing party determination by a "pragmatic assessment of the parties' ultimate position vis à vis their litigation objectives as reflected in pleadings, prayers, and arguments." The court observed that in dismissing the probate petition, it "explicitly recogniz[ed] and expect[ed] that the controversy could proceed to a judgment on the merits in the civil suit." Id. at 52. As such, the dismissal of the probate action was not the kind of final resolution contemplated by Hsu; it "determined nothing except that [the attorney] had to pursue his claims against [the will contestants] in the civil case." Id. at 52.

The Court of Appeal also analyzed the California legislature's decision to amend Section 1717, and replace the term "prevailing party" with "party prevailing on the contract." Id. This change "shifted the emphasis from victory at a particular stage of the proceedings to victory 'on the contract.'" Id. at 52-53. The will contestants had "at no time won a victory 'on the contract.' They ha[d] only succeeded at moving a determination on the merits from one forum to another." Id. The litigation on the contract in the probate court ended solely because it should have been brought in another court.

Like the will contestants in Drummond, Cottage Health has succeeded only in moving the resolution of the underlying contract dispute in this case from one forum to another. Advance's contract claim was dismissed on jurisdictional grounds and there has been no final resolution of the underlying contract claim. Much like the procedural victory in Drummond, this was an interim, preliminary victory, rather than a strategic victory at the end of the day. Cottage Health has at no time obtained a victory "on the contract," and Advance's underlying contract claims are still pending. The dismissal of Advance's Complaint "did not defeat [the] contract

PAGE 6 - OPINION AND ORDER

claims; it merely deflected or forestalled them. By achieving that result, [Cottage Health] ha[s] no more 'prevailed' than does a fleeing army that outruns a pursuing one." Id. at 53.

A comparison of the "relief awarded on the contract" with ultimate "litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources," Hsu, 891 P.2d at 813, confirms that neither has prevailed on the contract. Those materials make clear that the parties anticipated continued litigation on the merits of Advance's contract claim. Indeed, Cottage Health acknowledged that jurisdiction would be proper in the Central District of California and explicitly argued that this court should transfer jurisdiction to that forum. While Cottage Health's motion to dismiss was pending, Advance filed a parallel and identical complaint in the Central District of California. Like the Court of Appeal in Drummond, I dismissed Advance's Complaint "while recognizing and expecting that the controversy [w]ould proceed to a judgment on the merits" in the Central District of California. Id. at 52. Had Advance not filed the California action, I would have granted Cottage Health's request for a change of venue. In other words, the parties' arguments and the procedural posture of this case make clear that in obtaining a dismissal of the present action, Cottage Health obtained only an interim, preliminary victory based on Advance's attempt to pursue its claims in the wrong forum. Advance's contract claim is still pending in the Central District of California and it cannot be said that Cottage Health has obtained any relief "on the contract."

I am not persuaded that Profit Concepts Management, Inc. v. Griffith, 162 Cal. App. 4th 950 (Cal. Ct. App. 2008), mandates a different result. Although the Profit Concepts court found that a determination on the merits was not necessary for the court to award attorney's fees to a defendant that obtained a dismissal for lack of jurisdiction, Id. at 956, that conclusion appears to

PAGE 7 - OPINION AND ORDER

be inconsistent with the California Supreme Court's decision in <u>Hsu</u>, the California Court of Appeal's decision in <u>Drummond</u>, and the plain language of California Civil Code 1717.  As noted, the California Court of Appeal in <u>Drummond</u> held that "no fee award can be made before the final resolution of the contract claims."  <u>Drummond</u>, 149 Cal. App. 4th at 51.  In so holding, the Court of Appeal relied on the California Supreme Court's admonition that the prevailing party determination "is to be made only upon final resolution of the contract claims . . . ."  <u>Hsu</u>, 891 P.2d at 813.  The <u>Drummond</u> court also rejected the argument advanced by Cottage Health that final simply means final for the purposes of this particular lawsuit.  <u>Profit Concepts</u> appears to be contrary to both <u>Drummond</u> and the plain meaning of the Section 1717, which states that the "party prevailing on the contract" is entitled to attorney's fees.  Accordingly, I find <u>Profit Concepts</u> unpersuasive and decline to follow it.

     Here, Cottage Health has not obtained any relief on merits of Advance's contract claims.  It has succeeded only in moving the resolution of the underlying contract dispute from one forum to another.  It remains to be seen which party will be the "party prevailing on the contract."  Until the final resolution of Advance's contract claim, however, there can be no prevailing party for the purposes of Section 1717, and Cottage Health's motion for an award of attorney's fees is premature.

///

///

///

///

///

PAGE 8 - OPINION AND ORDER

## III. Conclusion

For the reasons set forth above, Cottage Health's Motion for Attorney's Fees (doc. 20) is DENIED.

IT IS SO ORDERED.

DATED this  1st  day of September, 2009.

                                          /s/ Garr M. King
                                               Garr M. King
                                        United States District Court Judge